you You can see we're sh here. He's under the weat So we do record you know. speak up for your benefit the next case, which is C the court counsel. Uh, th case. Uh, there's one wher for summary judgment file level. There really are n What we're dealing with h had a vehicle of 2000 3 or to sell that vehicle and trader. He was able to pr offer from a gentleman id himself. It's Kevin North came and viewed the vehic here. I have a check, a c $10,500 to purchase your Northington was not in fa Kevin Northington. He was the name of Gordon Caldwe in an auto theft. Eventua along in the record exhib he was prosecuted federall a plea of not guilty to c which did involve this sp dinner. It did. Yes. So e liability carrier state f on the basis of this exc the crux of why we're her in the record may not sho the vehicle recovered? Th recovered. Okay. And does another in the record abo claim was for the took fo for any damage to the ora essentially says, uh, the a loss to the car. If an relinquishes possession o to an actual or presumed there's much doubt here t voluntarily relinquished. was no reason for Mr Crack the check was counted. Ho agreement, that's where w or a question about what and whether it applies to if they are, there are re against the draft or stat are kind of the focus her  be in reality or in fact, parties. Uh, I think both similar definitions to wh mean. And I really don't dispute about the fact th sales agreement that occu turned out was attempting to fraud. Mr Crackle in t we don't have an actual s where the dispute really presumed sales agreement. in the policy for any of or agreement. Uh, obvious drafting the policy, stat to go ahead and put in a of those terms. But reall sales agreement means we to presume in terms of sa the main issue. I think t of those, I would argue a interpretations. The firs buyer would have to presu that's reasonable. He's n in the insurance contract is the second option. I t under one interpretation the one that presumes the And I think the last opti interpretation would be t they have some sort of an believe that this was rea when you look at it on sp is intended between both to involve the situation on that. Maybe there is a into someone maybe stops they give a bankruptcy or seems like the purpose of be to differentiate betwe and civil situations. In you said, you know, someb a claim saying he won't r he's not paying for it. S that's essentially the ar that we find that distinc a regular ordinary consum policy from state farm is this and believe that thi scenario. I think we're t trying to fit a square pe is what we're really tryi the equivalent of that. A here. I mean, but whenever this, are they going to c the intent behind the pol like theft by deception? Exactly. And I think that in my brief as well. And an affidavit from the dete and he indicates that is It was a theft by decepti know, that's defined in t code as well. And uh, aga lowly at the circuit court clearly in his mind, it wa agree with that. Uh, that facts as it were. And aga differently in the policy do certainly have the opp that is to define it diff to. I think it's only rea a reasonable regular pers that and assume that if t to find conduct, it's cov And so I think we have th are the main thrust of ou that a person number one assume when they look at that this is somehow ment theft. And then number tw presumed. I mean, who has at least two reasonable i obviously the courts in I to pick between two reaso if there are two, it has in favor of coverage and both parties to the contr there's a sales agreement for this event. And that' is that there should be c simple reason that's in t in the policy that you're But really we have here w no, no real dispute over case. The definitions aga what they really mean. Bu reasons I stated that the the court needs to be rev level because the court w vote on the ambiguities t about here this morning. for those reasons were es the reversal of the judgm for summary judgments fil want to take up any more to argue. But I think it' the reason I asked that comprehensive mean? Well I believe it is. First of the policy does a compreh as a title? I don't know. I don't know. I apologize I can tell you. Um, and m My name is Dominique Seam here for State Farm. I ap is correct that really th as to the facts in this c this is a case where plan to create an ambiguity wh policy does cover theft a defined to mean more than than theft. But one of th of loss includes total or of the vehicle. And you h that he did lose his vehic your honor. As well, he p there are several differe under Illinois law. And I said, I think as counsel falls under the term are of step by deception. Um, this case is that under t clearly bars coverage for voluntarily relinquished, relinquishes possession o under an actual or presum And in this case, we bel present what is what is a And do you think that's p clear that this was a pres I do. And as far as the p just no room there for an I don't think so. I think as a whole, that the key presuming a sales agreeme is what the insured does. not contract to cover the insurance in a position t for example, if this had came and they reached the Mr Kravis said, hey, I'm until I make sure this ch the gentleman and come ba and take him a car that w even though there was a p there in place. What the the insured is doing. And it's bar when the insured pushes control. He was in sure that this didn't hap that he thought he had a in this day and age. That something that can't be s check is not good enough. farm says a cashier's che I'm not saying that your he had done? You know, he car to make sure that the cashier's check. Do you h they could, you know, tha about all these or where they go to buy a car or s Do you have a silly where loan at Bloomington State know, your honor. Um, I d close alone. You close it Police Department. You me paying off the title. So a good check, a good amou and don't get robbed or w by herself. The bank is, took the check to the ban it was, they didn't close I don't, I don't, they di title and check at the ba No, I don't know who off there was a lien holder o cracker would have was in to cash the check, take title. Well, you can't ge he's got, don't they put the title or someplace th satisfied. So that way, t to close it at the bank w lien, I would think. I wo your honor. I think that sidetracked here. I mean, figure out how to close t I think it would be the s I'm sure your honor is pa point. You pay it off. Th acknowledges it's been pa Illinois sends you the ti that you can actually go it all in one day anyway of Illinois withholds tit full. I assume in this ca lien on it because appare when he delivered the car Oh, he did not. No, he wa was to cash the check, pa the title and then transf At the time of the agreeme duplicate bill bills of s as the seller, Mr. Northe called, well filled out p gave him all the keys, le I understand. So, but his titles. I think it's clea sales agreement. When I a him why he gave uh this g and let him take the car that we had agreed or I a the car. He assumed that the terms of the sale. An back to the exclusion, it the we're talking about p I think it matters what t other party, the insured had a presumed sales agre that he had a sales agree relinquished possession o to be a theft and under t not covered. You're telli behind this exclusion. Th that way is uh so that st company shouldn't have to holder could have prevent relinquishing possession. get that? I mean, that's about what the purpose be is. But I mean, there's n that says that, uh, the p exclusion doesn't need to I think it's also say the is to differentiate betwe and civil situations. In farm. I mean, if he sells guy quits making the paym the state farm and says h it, he won't give it back themselves. But this, thi the start. Yeah, I think there, the description th it was actually counsel t this and your honor sugge between the civil and cri you describe if there was some initial payments and his mind or he stops payi been an actual sales agre been, that coverage would as well. If it turned out the guy never gave it back be considered a theft. Bu there's also a presumed s believe that the facts an show that this presumed s coverage in this situatio it matter. The ambiguity is that they don't know w  policy, it's clear that w with is the insured. What doing and it's his volunte relinquishment of the vee concern in the theft cove thieves doing in the polic at the policy as a whole or not. Uh, the person wh for theft coverage actuall Well, he, he gets that co an exclusion. His car, hi and by everybody's accoun farm doesn't want to pay. your honor. Um, you know, under an insurance policy parties can limit that. T cover theft in many situa one of the, one of the pa were excluded. There's no that says the state farm situations and events. We language is clear and amb is one of those situation yes, vehicle was stolen t way that the policy reads if the insured voluntaril the car under presumed sa we had here was a presumed Anthony crackle met with he agreed on all terms of I'm going to, you're goin I'm going to pay off my l keys, here's the car, you think that the, I don't b torture the language so t I understand, um, that th for Mr Crackle here. It's that's not a reason to to and also state farm didn' this type of loss. And th reason to make state farm a reason to make state fa for those reasons we would affirmed the trial court and unfavorable state far Thank you. Rebuttal. I sta just to be clear, it is l coverage. The loss of the that I think it's on four brief just to reference t of the insuring agreement in fact listed in their c with regards to a total o of the vehicle. And we ar what we have to do is loo as a whole. We have here where a theft total or pa then state farm now tries exclusion somehow takes a kind of event of that sor deception occurs under th of facts. We obviously di We don't believe we're tr the language of this exc that there is more than o of what a presumed sales I stated before, at least and three total interpret concept. Um, they could h this differently or defin make it clear that it's o as to whether there's a p But they haven't done tha ones that have the opport that later to try to clea or not. It matters what t this transaction is think the agreement. And again, here that Mr Caldwell, wh Mr Worthington did not in anything, any considerati Uh, as council stated, th exchanged here, whether o have been later to do tha never happened. The title the bank and that's in th that just hasn't been done that we saw in here for s would include a transfer that never really occurre we have no actual sales a to be presumed, you presu would happen at some point a sales agreement here. A Uh, but again, we argued we still argue that this a civil versus criminal s and that's the way they'r We stated in our brief th deal in more of a situatio who is looking at this as to determine what this po this, the intent behind i to look at this and say t deal with any sort of con that state farms interpre exclude death by deceptio to be deceived. You have you're in some kind of ac yes, that's correct. And that, uh, again, a person lay person who's reading to make that distinction. specific category of thef this particular provision I think that when you rea where the theft is covere those two and look at them have ambiguity here. We d one reasonable interpretat we believe that coverage needs to be in place for and that the border or th court needs to be, uh, n And when it comes down to position to make this cle their intent behind this to preclude that by decep that sort. They could have here. I don't believe the believe it is ambiguous f we're asking for. Thank y